Reese, J.
delivered the opinion of the court.
It appears from the bill, from the answer, and from the proof in the record, that Matthew McLanahan, the husband of the complainant, Sarah,, and the father of the other complainants, and of the defendant, being somewhat indebted to his son, the defendant, and more to others, and the son being liable as surety to some of the latter; and being disqualified from old age and intemperate habits for action and judicious attention to his affairs,- conveyed to the defendant, by an absolute deed, the tract of land upon which he and his' family resided, for the purpose, and with the understanding, and upon the trust, that the defendant should indemnify himself for his debts and liabilities, and should pay the other debts of the father, to the end, and with the hope, that, by these *100 means, a house might be secured to the family of the grantor. Not long afterwards, the grantor died; and although an administrator was appointed upon his estate, still the defendant, with the consent of the administrator, and in pursuance to the trust, continued to adjust, settle, and pay the debts of the deceased. To raise funds for this purpose, he sold some forty-five acres of the land conveyed, for upwards of five hundred dollars, and applied other means of his own to the satisfaction of the debts. They have been paid. Upon this state of things, the complainants file their bill to have the lands restored to them. The defendant, in effect, admits the trust, and submits to an account. The chancellor decreed the conveyance to be a mortgage, and ordered an account upon that footing. We think in this the chancellor erred, at least beyond the amount of the defendant’s debt against the grantor, and his liabilities for him at the date of the deed; this far it was competent to have held it to be a mortgage— but beyond that it was not a mortgage: sp to hold it, would operate injuriously to complainant, Sarah, in barring her of dower, to which she would be entitled against creditors; and injuriously, perhaps, to the defendant, who would find much difficulty in tacking his disbursements for the grantor, after the date of the deed, and after the death of the grantor, to the debt and liabilities existing at the time of the conveyance. Holding it, as we do, to be a mortgage pro tanto only, and as to the balance, to be a trust in behalf of creditors, the widow, and the heirs at law, we are of opinion, upon the proof, that the five hundred dollars and upwards, received for the forty-five acres of land, sold after the death of the grantor, were equal to the debts and liabilities of the defendant at the making of the deed, and extinguished the mortgage character of the instrument; and that, then, the widow was entitled, as against creditors, and the defendant, to have dower assigned; and the defendant, having the legal title, and having paid, according to the trust, debts, for which the land would have been liable, in the hands of the heirs, those heirs should not, in equity, withdraw from him the legal title, without reimbursing him for the payments which, out of his own means, he has made on behalf of the estate.
*101 Notwithstanding the difference of our views from those of the chancellor, on the legal name and nature of the instrument, and on the subject of dower, yet the account which has been taken, was taken upon principles adequate to the attainment of the real justice of the case between the parties. Two exceptions to the report of the clerk and master were taken by the complainants. The chancellor overruled them; and without going into their details, or any argument upon them, we content ourselves with saying, that, we think, he correctly overruled them.
It has been argued, that a negro man slave, also conveyed by an absolute title of sale, by Mathew McLanahan to the defendant, was in fact conveyed upon the like trust with those which accompanied the conveyance of the land. But this the defendant expressly denies in his answer. The slave seems to have been placed in the hands of defendant many years before the bill of sale; and there is no sufficient and satisfactory proof, upon which to raise and establish the alleged trust.
The decree of the chancellor, with the modification above suggested, will be affirmed.